IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN COLE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: 5:16-cv-1168 |
| | § | |
| NABORS INDUSTRIES, INC. and | § | |
| NABORS CORPORATE SERVICES, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, John Cole brings this action against Defendants Nabors Industries, Inc. ("Nabors") and Nabors Corporate Services, Inc. ("Nabors Corporate") collectively referred to as "All Defendants", for violating the laws of the State of Texas and the United States of America, and alleges the following:

**I.   INTRODUCTION**

1. This action seeks equitable relief, compensatory damages, front and back pay, attorneys' fees and costs, expert witness fees, costs of court, pre-judgment and post-judgment interest for violations of the Title VII of the 1964 Civil Rights Act in 42 U.S.C. §§2000e *et. seq.* as amended by the Civil Rights Act of 1991, (hereinafter referred to as "Title VII"), Texas Commission of Human Rights Act ("TCHRA") and 42 U.S.C. §1981 ("Section 1981) for discrimination based on sex, sexual harassment and retaliation suffered by Plaintiff.

2. Plaintiff demands a jury on all issues triable to a jury.

## II. PARTIES, JURISDICTION, AND VENUE

3. Plaintiff John Cole ("Cole") is an adult resident of the United States, residing in Wichita County, Texas.

4. Defendant Nabors Industries, Inc. ("Nabors"), is a corporation of the State of Texas with its corporate headquarters in Houston, Texas and may be served by and through its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

5. Defendant Nabors Corporate Services, Inc. is a corporation of the State of Texas with its corporate headquarters in Houston, Texas and may be served by and through its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

6. This Court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §1331, as this action is brought under Title VII.

7. This claim is brought pursuant to Title VII.

8. Venue is proper in the Western District of Texas, under 28 U.S.C. § 1391(b) since a substantial part of the events and/or omissions giving rise to the claim occurred within the venue of the Western District of Texas.

9. Nabors and Nabors Corporate (Collectively referred to as "All Defendants") are each and all a person within the meaning of 42 U.S.C. § 2000e(a), and an employer within the meaning of 42 U.S.C. § 2000e(b), TCHRA and 42 U.S.C. §1981.

10. This claim is brought pursuant to Title VII, TCHRA, and 42 U.S.C. §1981.

11. At all times relevant to this matter, All Defendants employed more than fifteen (15) employees.

12. The amount in controversy exceeds $75,000.

### III.     CONDITIONS PRECENDENT

13. All conditions precedent to the filing of suit have been performed or have occurred.

14. The Equal Employment Opportunity Commission ("EEOC") notice of right to sue was mailed on August 22, 2016.  Plaintiff filed his action on November 18, 2016, within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue letter from the EEOC.

### III.     FACTS

15. At all times relevant to this case, Plaintiff was an employee of All Defendants.

16. At all times relevant to this case, All Defendants have been an "employer" within the meaning of Title VII, TCHRA, and Section 1981.

17. Plaintiff is a heterosexual male.

18. On or about August 23, 2011, Plaintiff was hired as a STIM Operator.

19. In 2012, Jacky Richardson ("Richardson") began working as Plaintiff's supervisor.

20. Richardson created a hostile work environment by making severe and pervasive discriminatory comments based on Plaintiff's sex and sexually assaulting Plaintiff and other employees on the job.

21. Richardson's behaviors included, but were not limited to, grabbing Plaintiff's and other employees buttocks and genitals, talking about and otherwise making crude jokes and comments regarding men's penises, talking about oral sex on men, kissing men and Plaintiff without consent, and placing his own penis on men at the workplace.

22. Plaintiff complained to All Defendants on several occasions regarding Richardson's behavior.

23.     After his numerous complaints, Plaintiff was transferred from the Black Crew to the Purple Crew in retaliation for his reports of sex discrimination and harassment resulting in a significant drop in pay and benefits as well as considerable inconvenience to Plaintiff.

24.     Plaintiff filed a charge with the EEOC who conducted an investigation which determined that All Defendants were intentionally hindering the EEOC's investigation by instructing employees not to talk to the EEOC.

25.     The EEOC further determined that All Defendants' internal investigation into Plaintiff's complaints of discrimination and harassment was not conducted impartially and were compromised.

26.     The EEOC finally determined that All Defendants did violate Title VII and that Plaintiff and other male employees were subjected to sex discrimination and harassment which resulted in Plaintiff's constructive discharge.

27.     Plaintiff suffered significant damages as a result of Defendants' actions.

### IV.   CAUSES OF ACTION

**COUNT ONE: VIOLATION OF TITLE VII/TEXAS COMMISSION ON HUMAN RIGHTS ACT**

28.     Plaintiff re-asserts and re-alleges everything contained in the preceding paragraphs as if fully stated herein.

29.     All Defendants are "employers" as defined in Title VII and TCHRA.

30.     Plaintiff is an "employee" as defined by Title VII and TCHRA.

31.     Plaintiff was qualified for his position at all times while working for All Defendants.

32.     During the time that Plaintiff was employed by All Defendants, he was subjected to severe and pervasive sex discrimination, harassment and retaliation with regards to the terms

and conditions of employment including but not limited to constructive discharge, loss of pay, worse terms and conditions of employment, and retaliation for engaging in protected activity as defined by Title VII.

33. Plaintiff was constructively discharged based on his membership in protected gender group.

34. Plaintiff was terminated for engaging in protected activity, namely reporting sex harassment and sex discrimination regarding his supervisors.

35. Plaintiff was subjected to severe and pervasive sex discrimination and harassment while working for All Defendants creating a hostile work environment.

36. All Defendants were aware of the protected activity and discriminated further against Plaintiff and constructively discharged Plaintiff based on his engaging protected activity.

37. All Defendants did not have adequate policies or procedures in place to address the harassment, discrimination and/or retaliation, not did it implement prompt remedial measures.

38. As a result of All Defendants' violations of Title VII and TCHRA, Plaintiff has suffered mental and emotional trauma, actual damages in the form of lost wages and benefits (past and future) and other losses.

39. As a result of these intentional and willful violations of Title VII and TCHRA, by harassing, discriminating, and retaliating against Plaintiff, All Defendants acted with malice and/or reckless indifference to the statutory rights of Plaintiff.  As such, Plaintiff, requests that he be awarded all compensatory, non-compensatory and punitive damages to which he is entitled, as outlined in Title VII and TCHRA, as well as equitable relief, and attorneys' fees and costs.

## COUNT TWO:  VIOLATIONS UNDER 42 U.S.C. § 1981

40. Each and every allegation contained in the foregoing paragraphs are re-alleged as if fully re-written herein, and incorporated by reference.

41. Plaintiff is a member of the male gender.

42. At all times relevant to this case, Plaintiff was qualified for the position he held during his employment with All Defendants.

43. All Defendants harassed and discriminated against and retaliated against Plaintiff due to his gender, male.

44. All Defendants subjected Plaintiff to different terms, conditions, and privileges of employment because of his gender in violation of Section 1981and 42 U.S.C. §1981(a), for which Plaintiff requests compensatory and punitive damages.

45. All Defendants discriminated against Plaintiff based on gender by failing to take affirmative action to correct unlawful employment practices, discriminating against Plaintiff with respect to terms, conditions, and privileges of his employment rights and benefits, retaliating against Plaintiff, harassing Plaintiff, and by constructively discharging Plaintiff.

46. All Defendants acted with malice or, in the alternative, with reckless indifference to the federally protected rights of Plaintiffs.

47. As a result of All Defendants' discriminatory and retaliatory actions, Plaintiff has suffered loss of wages, both in the past and future, as well as a emotional pain, mental anguish, suffering, inconvenience, loss of enjoyment of life in the past, and in all probability will continue to suffer in the future.

## V. DAMAGES

48. Each and every allegation contained in the foregoing paragraphs are re-alleged as if fully re-written herein, and incorporated by reference.

49. All Defendants' violations of Title VII, TCHRA and Section 1981 give rise to the following damages: back pay, reinstatement, or if reinstatement is deemed not feasible, compensation for lost future pay or front pay; benefits in the past and the future, liquidated damages; punitive damages; costs; expert witness fees; attorneys' fees; mental anguish; emotional distress in the past and future; compensatory damages; and pre- and post-judgment interest as allowed by law.

## VI. JURY DEMAND

50. Plaintiff respectfully requests a trial by jury.

## VII. PRAYER FOR RELIEF

51. WHEREFORE, Plaintiff respectfully prays that All Defendants be cited to appear and answer herein and that upon a final hearing of the cause, that judgment be entered for Plaintiff against All Defendants, and that Plaintiff be awarded the following:

- A. Declare that All Defendants violated Plaintiff's rights under Title VII, TCHRA and Section 1981;
- B. Actual and compensatory damages for the period of time provided by law, including appropriate back pay, unpaid back wages at the applicable overtime rate; front pay and reimbursement (past and future) for lost pension, insurance and all other benefits;
- C. Reinstatement, or front pay, including benefits, in lieu of reinstatement;
- D. Compensatory damages as allowed by law

E.  Reasonable attorneys' fees, court costs and expenses of this action

F.  Expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

G.  Damages for emotional distress and mental anguish;

H.  Punitive Damages as allowed by law;

I.  Pre-judgment and post-judgment interest as allowed by law; and

J.  Such other and further relief as may be allowed by law or in equity.

Respectfully submitted,

**THE BHATTI LAW FIRM, PLLC**

*/s/ Ditty S. Bhatti*
**DITTY S. BHATTI**
State Bar No. 24062803
14785 Preston Road
Suite 550
Dallas, TX 75254
Telephone: (214) 253-2533
Facsimile: (214) 279-0033
ditty.bhatti@bhattilawfirm.com
**ATTORNEY FOR PLAINTIFF
JOHN COLE**